IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Jalisa Henderson, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 3:24-cv-50107 |
| v. | ) | |
| | ) | Magistrate Judge Michael F. Iasparro |
| Yellow Banana, LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this action for employment discrimination in March 2024. Dkt. 1. Defendant has been served, but to date has not appeared or responded to Plaintiff's complaint. *See* Dkts. 12, 14, 21.

After several status hearings where Defendant failed to appear, on February 13, 2025, the court gave Plaintiff until March 31, 2025 to either seek an entry of default or file a status report updating the court on her efforts to prosecute the case. Dkt. 29. The court advised Plaintiff of the resources available to *pro se* litigants, including the U.S. District Court Hibbler Memorial Pro Se Assistance Program and materials on the court's website. The court emailed a copy of the order to Plaintiff's email address on the docket.

On April 7, 2025, after Plaintiff failed to file a motion or a status report in response to the court's order, the court *sua sponte* extended the time for Plaintiff to file to April 30, 2025. Dkt. 3. The court's order warned Plaintiff that failing to comply would result in a recommendation that the case be dismissed for want of prosecution. Dkt. 30. The court emailed a copy of the order to Plaintiff's email address on the docket.

On April 14, 2025, Plaintiff filed a motion for default judgment that stated: "I am asking for a default judgment. I have been reaching out to the defendant for over a year and they still haven't respond [sic]." Dkt. 31. The court denied the motion for failing to comply with Federal Rule of Civil Procedure 55 and reminded Plaintiff that she must refile an appropriate motion by April 30, 2025. Dkt. 32.

On April 30, 2025, Plaintiff filed a renewed motion for default judgment. Dkt. 33. The motion was again denied because it was not in compliance with Federal Rule of Civil Procedure 55. Dkt. 34. The court directed Plaintiff to Judge Iain D. Johnston's Standing Order on Default Judgments and again to the resources available to *pro se* litigants. Plaintiff was given until May 23, 2025 to refile her motion and warned Plaintiff that failing to comply with Federal Rule of Civil Procedure 55 may result in a recommendation that the case be dismissed for want of prosecution.

Dkt. 34. The court emailed a copy of this order to Plaintiff's email address on the docket. To date, Plaintiff has not filed anything in response to the court's most recent order. Additionally, Plaintiff has not notified the Court of any reasons why she was unable to file her motion or seek an extension of time.

For all these reasons, it appears that Plaintiff has abandoned her lawsuit. Therefore, it is this Court's report and recommendation that this case be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Any objection to this report and recommendation must be filed by June 23, 2025. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

Date: June 9, 2025       By: _____
                                                   Michael F. Iasparro
                                                   United States Magistrate Judge